# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

A.M., et al.,

        Plaintiffs,

  v.                                          Case No. 12CV943

MEQUON-THIENSVILLE SCHOOL
DISTRICT, et al.,

        Defendants.

## DECISION AND ORDER

On April 29, 2013, four of the defendants in this case filed a motion to compel discovery from the plaintiffs. These defendants asked for an order compelling the plaintiffs to sign medical authorizations and to provide complete responses to the defendants' interrogatories. Under the local rules of this court, the plaintiffs' brief in opposition to such motion was due within twenty-one days. See Civil L.R. 7(b).[1] However, the plaintiffs did not file a brief in opposition within that time. Pursuant to Civil Local Rule 7(d), the plaintiffs' failure to file a brief in opposition to the motion is sufficient cause for the court to grant the motion.

Accordingly, **IT IS ORDERED** that the defendants' motion to compel is **GRANTED**. The plaintiffs shall sign the medical authorizations and provide complete responses to the defendants' interrogatories by June 5, 2013. If the plaintiffs fail to comply with this order,

---

[1] The defendants did not file their motion to compel pursuant to Civil Local Rule 7(h), and so the plaintiffs had twenty-one days to respond instead of seven. However, pursuant to the scheduling order for this case, the defendants should have filed their motion pursuant to Rule 7(h). See ECF No. 32, ¶ 4.c.

I will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 37(b). Such sanctions may include dismissal of this action with prejudice.[2]

Dated at Milwaukee, Wisconsin, this 28th day of May, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] On May 24, 2013, defendants Anderson and Dantzler filed a letter in which they asked to join the motion to compel filed by the other four defendants. However, their letter indicates that the deadline for the plaintiffs to respond to their discovery requests has not yet passed. Thus, it would be premature to grant a motion to compel with respect to Anderson's and Dantzler's requests. Should the plaintiffs fail to respond to such requests within the time allowed, then Anderson and Dantzler may file their own motions to compel.