**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

A.M., et al.,

        Plaintiffs,

v.                                           Case No. 12-C-0943

MEQUON-THIENSVILLE SCHOOL
DISTRICT, et al.,

        Defendants.

## ORDER

In a scheduling order dated June 5, 2014, I set a deadline of September 1, 2014, for the parties to disclose expert witnesses under Federal Rule of Civil Procedure 26(a)(2). The plaintiffs did not disclose an expert by that date. However, plaintiffs' lawyer states in a brief that the plaintiffs disclosed to the defendants certain information regarding their experts on September 26, 2014. See ECF No. 106 at 3, 6. The plaintiffs did not provide the defendants with written reports from their experts on that date. On October 13, 2014, the plaintiffs filed a motion to extend the discovery deadlines in this case, including the deadline for disclosing expert witnesses. I addressed that motion, along with several others that were filed in the following months, at a status conference held on February 9, 2015. During the conference, I asked plaintiffs' counsel to identify the remaining discovery she needed to obtain, and she indicated that she needed to take the depositions of the defendants and certain third parties. I granted the plaintiffs' motion for an extension of discovery in part, and then set a deadline of March 31, 2015, for completing all remaining discovery. During the status conference, no party mentioned expert discovery.

On March 12, 2015, the plaintiffs served the defendants with an affidavit from Robert Lacey, J.D. This affidavit appears to be an expert report. On March 23, 2015, the plaintiffs served the defendants with an expert report prepared by Theresa DeWalt, Ph.D. Several of the defendants, whom I will refer to as the "Education Defendants,"[1] have moved to exclude any testimony by either of these expert witnesses on the ground that the plaintiffs did not disclose the witnesses by the September 1 deadline. The defendants also contend that the plaintiffs' expert disclosures do not contain all of the information required by Rule 26(a)(2)(B).

In response to the defendants' motion, the plaintiffs state that they understood my extending the discovery deadline to March 31, 2015, to include an extension of the deadline for disclosing expert testimony. I find this hard to believe. The plaintiffs never mentioned the need to disclose expert testimony during the February status conference, and obviously the defendants would need time to depose the plaintiffs' experts, which they would not have if the plaintiffs were allowed to wait until the last day of the discovery period to disclose their experts. Still, in their original motion to extend discovery, the plaintiffs did ask for an extension of the deadline to disclose experts, and I did not explicitly address that request at the February status conference. And the order following the scheduling conference is ambiguous as to whether the deadline for "[a]ll remaining discovery" encompassed the deadline to disclose experts. See ECF No. 92. For these reasons, I will grant the plaintiffs some additional leeway and accept their expert submissions as timely.

---

[1] These defendants are the Mequon-Thiensville School District, Dr. Desmond Means, Brett Bowers, and Homestead High School.

As noted, the defendants also claim that the plaintiffs have not disclosed all of the information required by Rule 26(a)(2)(B). Specifically, the defendants contend that the plaintiffs have not disclosed the exhibits which the experts intend to use, lists of their prior testimony, and statements concerning their compensation. The plaintiffs seem to think that they disclosed at least some of this information on September 26, 2014. In any event, to avoid any further delay and to ensure that the defendants have all of the information the rule entitles them to, I will order the plaintiffs to provide the defendants with an additional copy of all of this information by April 20, 2015.

I assume that one or more of the defendants will wish to depose the plaintiffs' expert witnesses. If so, they are granted leave to do so. The plaintiffs shall make their experts available for deposition on or before May 15, 2015. The current deadline for dispositive motions is April 15, 2015. To allow for the time needed to depose the plaintiffs' experts, I will extend that deadline to June 1, 2015. I note that discovery closed on March 31, 2015. Other than the depositions of Lacey and DeWalt, the parties are not permitted to take any additional discovery.

Accordingly, **IT IS ORDERED** that the defendants' motions to strike and exclude the plaintiffs' expert witnesses (ECF Nos. 97 and 99) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to restrict document (ECF No. 98) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall disclose to the defendants the information mentioned in Federal Rule of Civil Procedure 26(a)(2)(B)(iv), (v), and (vi), with

respect to Lacey and DeWalt, by **April 20, 2015**.  If the plaintiffs have already provided this information to the defendants, they must provide a second copy.

**IT IS FURTHER ORDERED** that the plaintiffs must make their expert witnesses available for deposition on or before **May 15, 2015**.

**FINALLY, IT IS ORDERED** that the deadline for filing dispositive motions is extended to **June 1, 2015**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2015.

s/ Lynn Adelman

LYNN ADELMAN
District Judge